IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. CHRISTOPHER LEE KARSTEN, Defendant. | 4:23-CR-3063 MEMORANDUM AND ORDER |

The defendant was charged by indictment with a single count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Filing 1. He moves to dismiss the indictment, arguing in effect that it fails to state an offense. Filing 62. The Court will grant the motion and dismiss the indictment.

In reviewing a motion to dismiss an indictment for failure to state an offense, the Court accepts the allegations stated in the indictment as true, and asks whether they can form the basis of the charged offense. *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021). An indictment survives a motion to dismiss for failure to state an offense if it contains a facially sufficient allegation. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021). An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *Id*. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008); *accord Hansmeier*, 988 F.3d at 436.

But here, the key allegations in the indictment are that the defendant was obliged to register as a sex offender "[b]etween, on, or about October 10, 2022, and November 1, 2022 . . . as a result of his conviction in the District Court of Hall County, Nebraska for Attempted First Degree Sexual Assault on July 3, 2001." Filing 1. The sufficiency of those allegations rests upon the answer to a question of law: If the defendant was convicted of that offense on July 3, 2001—and he doesn't deny it—then did that actually oblige him to register as a sex offender between October 10 and November 1, 2022? The Court concludes it did not.

The Court's detailed reasoning on that point is found in the Court's Memorandum and Order of June 6, 2024 (filing 62) and need not be recapitulated here.[1] The government's argument, to the extent not addressed there, focuses on consent: The government contends that none of the cases relied on by the Court "refute the point that lack of consent is a necessary element of subsections (a) and (b), and under subsection (c), whether the victim consented is irrelevant." Filing 71 at 9.

The Court isn't persuaded that matters, for two reasons. The first is that, as the Court previously explained, a lack of valid consent *is* central to all three subsections of the statute. *See* filing 46 at 9. To prove a violation of subsection (a), the prosecution must prove the victim actually didn't consent, and to prove

---

[1] The defendant also seems to suggest, in his reply brief, that § 28-319(c) is overbroad even *if* the statute is divisible. Filing 77 at 3. But it's not the Court's practice to consider new arguments raised only in reply briefs. *See Freeman v. Clay Cnty. Bd. of Cnty. Comm'rs*, 706 F. Supp. 3d 873, 886 (D.S.D. 2023); *ProMove, Inc. v. Siepman*, 355 F. Supp. 3d 816, 823 (D. Minn. 2019); *Hanjy v. Arvest Bank*, 94 F. Supp. 3d 1012, 1020 (E.D. Ark. 2015); *Torgeson v. Unum Life Ins. Co. of Am.*, 466 F. Supp. 2d 1096, 1121-22 (N.D. Iowa 2006).

a violation of subsection (b) or (c), the prosecution must prove the victim was legally incapable of consenting. *See* § 28-319.

That conclusion regarding subsections (b) and (c), the government responds, "ignores the elements of the two different offenses." Filing 71 at 11. The government points out that subsection (b) requires the prosecution to prove that the defendant knew the victim was incapable of consenting, but subsection (c) does not. *See* filing 71 at 11 (citing § 28-319). "Here again," the government claims, "we see that subsection (c) is a different offense with different elements compared to subsections (a) and (b)." Filing 71 at 11.

Different elements, yes. Different offenses, not so much. The underlying assertion there—that "different elements = different offenses"—is simply inconsistent with the premise of the categorical approach. After all, if the only way for a statute to be indivisible was for all its subsections to have the exact same elements, we wouldn't be in this mess to begin with. The government doesn't deny—and really *can't* deny—that subsections (a) and (b) are indivisible. *See* filing 46 at 8-9 (citing *State v. Npimnee*, 2 N.W.3d 620, 627 (Neb. 2024)). And while the government reminds the Court of its obligation to parse the statute, filing 71 at 12, the government hasn't provided the Court with any authority suggesting it can answer the question posed by *Mathis v. United States*, 579 U.S. 500, 517 (2016)—"determine whether [the statute's] listed items are elements or means"—by somehow saying "both."

In the end, the Court's parsing of the statute and the relevant Nebraska caselaw leaves it with the conclusion most concisely summarized by the Nebraska Supreme Court in *State v. McCurdy*, 918 N.W.2d 292, 298-99 (Neb. 2018): That § 28-319(a)-(c) "sets forth three ways in which one could be found guilty of the offense." That means the statute is indivisible, hence overbroad, hence a Tier I offense. Accordingly,

- 3 -

IT IS ORDERED:

1. The defendant's motion to dismiss (filing 62) is granted.

2. The indictment (filing 1) is dismissed.

Dated this 18th day of September, 2024.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge
